**MORGAN, LEWIS & BOCKIUS LLP**
Joseph E. Floren, Bar No. 168292
joseph.floren@morganlewis.com
One Market Street
Spear Street Tower
San Francisco, CA  94105-1596
Telephone: (415) 442-1391
Fax: (213) 612-2501

**MORGAN, LEWIS & BOCKIUS LLP**
G. Jeffrey Boujoukos (*pro hac vice*)
jeff.boujoukos@morganlewis.com
1701 Market Street
Philadelphia, PA  19103-2921
Telephone: (215) 963-5000
Fax: (215) 963-5001

**MORGAN, LEWIS & BOCKIUS LLP**
Jason S. Pinney (*pro hac vice*)
jason.pinney@morganlewis.com
Andrew M. Buttaro (*pro hac vice*)
andrew.buttaro@morganlewis.com
One Federal Street
Boston, MA  02110-1726
Telephone: (617) 341-7700
Fax: (617) 341-7701

Attorneys for Defendant
WESTERN INTERNATIONAL
SECURITIES, INC.

**MURPHY COOKE LLP**
PATRICK T. MURPHY, #178189
(patrick@murphycooke.com)
CHRISTOPHER COOKE, #142342
(ccooke@murphycooke.com)
533 Airport Blvd., Suite 400
Burlingame, CA 94010
Tel: (650) 401-2220

**MARKUN ZUSMAN & COMPTON LLP**
JEFFREY K. COMPTON,#142969
(jcompton@mzclaw.com)
NATHAN SMITH, #279124
(nsmith@mzclaw.com)
DAVID J. SHINDER, #323499
(dshinder@mzclaw.com)
17383 W. Sunset Blvd., Suite A-380
Pacific Palisades, CA 90272
Tel: (310) 454-5900

Attorneys for Defendants
NANCY COLE, PATRICK EGAN,
ANDY GITIPITYAPON, STEVEN
GRAHAM, AND THOMAS SWAN

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**

Ariella O. Guardi (*pro hac vice*)
guardia@sec.gov
Charles J. Kerstetter (*pro hac vice*)
kerstetterc@sec.gov
Jonathan A. Epstein (*pro hac vice*)
epsteinjo@sec.gov
175 West Jackson Blvd., Suite 1450
Chicago, Illinois 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

Donald W. Searles (Cal. Bar No. 135705)
searlesd@sec.gov
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

Attorneys for Plaintiff United States
Securities and Exchange Commission

[PROPOSED] STIPULATED
PROTECTIVE ORDER
2:22-cv-04119-ODW-AFM

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN INTERNATIONAL SECURITIES, INC., NANCY COLE, PATRICK EGAN, ANDY GITIPITYAPON, STEVEN GRAHAM, and THOMAS SWAN,<br><br>Defendants. | Case No. 2:22-cv-04119-ODW-AFM<br>*Judge Otis D. Wright, II*<br>*Magistrate Alexander F. MacKinnon*<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER[1] |

---

[1] This Stipulated Protective Order is based substantially on the model protective order provided under Magistrate Judge Alexander F. MacKinnon's Procedures.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

[PROPOSED] STIPULATED
PROTECTIVE ORDER
2:22-CV-04119-ODW-AFM

1.

A.   PURPOSES, AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff United States Securities and Exchange Commission ("SEC"), Defendants Western International Securities, Inc. ("WIS"), Nancy Cole, Patrick Egan, Andy Gitipityapon, Steven Graham, and Thomas Swan ("Individual Defendants" and collectively, the "Parties") hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B.   GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] STIPULATED
PROTECTIVE ORDER
2:22-cv-04119-ODW-AFM

parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

C.     ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The Parties further acknowledge, as set forth in Section 13.3, below, that this Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

[PROPOSED] STIPULATED
PROTECTIVE ORDER
2:22-CV-04119-ODW-AFM

respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.      DEFINITIONS

2.1      Action: the civil enforcement action captioned *SEC v. Western Int'l Securities, Inc., et al.*, Case No. 2:22-cv-04119-ODW-AFM (C.D. Cal.).

2.2      Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3      "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

[PROPOSED] STIPULATED
PROTECTIVE ORDER
2:22-CV-04119-ODW-AFM

under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4     Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, as well as all documents or information that were produced or generated by WIS or the Individual Defendants in connection with the SEC investigation captioned *In the Matter of GWG Holdings, Inc.* (C-8693) ("Investigation Material").)

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

[PROPOSED] STIPULATED
PROTECTIVE ORDER
2:22-CV-04119-ODW-AFM

2.11    Party: any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, Commissioners, and Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Nothing in this Order shall be construed to limit any Producing Party's use or disclosure, outside the context of this litigation, of its own produced documents or information that are subject to this Order.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.    DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

[PROPOSED] STIPULATED
PROTECTIVE ORDER
2:22-CV-04119-ODW-AFM

as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

5.    DESIGNATING PROTECTED MATERIAL

    5.1    Confidential Information.    A Party or Non-Party shall designate as CONFIDENTIAL only such information that the Designating Party in good faith believes in fact is confidential. Information and documents that may be designated as CONFIDENTIAL include, but are not limited to, personal identifying information, personal information that is protected by law, non-public information related to criminal or regulatory matters, and other sensitive information that, if not restricted as set forth in this order, may subject persons to potential injury or liability.

    5.2    Non-Confidential Information.    CONFIDENTIAL information shall NOT include information that (a) is in the public domain at the time of disclosures, as evidenced by a written document; (b) becomes part of the public domain through no fault of the recipient, as evidenced by a written document; (c) the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; (d) lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party as the right to make the disclosure to the receiving party.

    5.3    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

[PROPOSED] STIPULATED
PROTECTIVE ORDER
2:22-CV-04119-ODW-AFM

designations are prohibited. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.4     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., section 5.5 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced, except for the Investigation Material, which can be designated at a later date.

Designation in conformity with this Order requires:

(a)     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.

(b)     for testimony given in depositions or in other pretrial or trial proceedings, that the Designating Party identifies all protected testimony.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."

5.5     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] STIPULATED
PROTECTIVE ORDER
2:22-CV-04119-ODW-AFM

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

6.3     Joint Stipulation. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

6.4     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

[PROPOSED] STIPULATED
PROTECTIVE ORDER
2:22-CV-04119-ODW-AFM

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court, permitted by law, necessary to comply with the order of a court of competent jurisdiction, permitted in writing by the Designating Party, or otherwise authorized herein, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the SEC personnel and Commissioners to whom disclosure is reasonably necessary for this Action;

(c)    the officers, directors, employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(d)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)    the court and its personnel;

(f)    court reporters and their staff;

(g)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);;

(h)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(j)      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(k)      any person who is called, or whom counsel for a Party in good faith believes may be called, to testify at trial in this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

8.      <u>SEC USES OF PROTECTED MATERIAL</u>

Notwithstanding anything in this Order to the contrary, this Order does not:

(a)      apply to any documents, testimony, or other information produced to or received by the SEC during its pre-filing investigation, including documents previously marked as "CONFIDENTIAL" or "CONFIDENTIAL — FOIA EXEMPT," unless (i) the SEC now designates the information as CONFIDENTIAL under this Order, or (ii) the producing party now designates material they provided to the SEC in the pre-filing investigation as CONFIDENTIAL under this Order;

(b)      limit or restrict the retention, use, or disclosure of CONFIDENTIAL information for any of the "Routine Uses of Information" identified in SEC Form 1662 ("Supplemental Information for Persons Requested to Supply Information Voluntarily or Directed to Supply Information Pursuant to a Commission Subpoena"), or as required for law enforcement activities or to otherwise regulate, administer, or enforce the federal securities laws; or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

[PROPOSED] STIPULATED
PROTECTIVE ORDER
2:22-CV-04119-ODW-AFM

(c)     limit or restrict the retention, use, or disclosure of CONFIDENTIAL information to the extent the SEC or its staff determines that such retention, use, or disclosure is required by the Freedom of Information Act, 5 U.S.C. § 552, et seq., or to fulfill the SEC's recordkeeping, governmental reporting, or archival obligations.

9.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

[PROPOSED] STIPULATED
PROTECTIVE ORDER
2:22-CV-04119-ODW-AFM

10. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

[PROPOSED] STIPULATED
PROTECTIVE ORDER
2:22-CV-04119-ODW-AFM

11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Pursuant to Federal Rule of Evidence 502(d) and (e), the Parties agree to the following procedure to address the inadvertent disclosure of a communication or information covered by the attorney-client privilege or work product protection. The production of Disclosure or Discovery Material, electronically stored information, or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

The Producing Party must notify the Receiving Party promptly, in writing, upon discovery that privileged or protected information has been produced. Upon receiving written notice from the Producing Party that privileged and/or protected information has been produced, all such information, and all copies thereof, shall be returned to the Producing Party within ten (10) business days of receipt of such notice and the Receiving Party shall not use such information for any purpose until further Order of the Court. The Receiving Party shall also attempt in good faith, to retrieve and return or destroy all copies of the documents in electronic format.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

[PROPOSED] STIPULATED
PROTECTIVE ORDER
2:22-CV-04119-ODW-AFM

The Receiving Party may contest the privilege or protected designation by the Producing Party.  However, the Receiving Party may not challenge the privilege or protection claim by arguing that the disclosure itself was a waiver of any privilege or protection. The Challenging Party shall give the Producing Party written notice of the reason it contests the privilege or protected designation. The Challenging Party shall seek an order from the court compelling the production of the information within fifteen (15) days of the notice by the Producing Party.

13.   MISCELLANEOUS

13.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

[PROPOSED] STIPULATED
PROTECTIVE ORDER
2:22-CV-04119-ODW-AFM

Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15.   VIOLATION

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.


IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

[PROPOSED] STIPULATED
PROTECTIVE ORDER
2:22-CV-04119-ODW-AFM

Dated: February 23, 2023

MORGAN, LEWIS & BOCKIUS LLP,


By: /s/ Joseph E. Floren
    Joseph E. Floren
    One Market Street
    Spear Street Tower
    San Francisco, CA 94105-1596
    Telephone: (415) 442-1391
    joseph.floren@morganlewis.com

    G. Jeffrey Boujoukos (*pro hac vice*)
    1701 Market Street
    Philadelphia, PA 19103-2921
    Telephone: (215) 963-5000
    jeff.boujoukos@morganlewis.com

    Jason S. Pinney (*pro hac vice*)
    Andrew M. Buttaro (*pro hac vice*)
    One Federal Street
    Boston, MA 02110-1726
    Telephone: (617) 341-7700
    jason.pinney@morganlewis.com
    andrew.buttaro@morganlewis.com

    *Attorneys for Defendant Western*
    *International Securities, Inc.*


MURPHY COOKE LLP

MARKUN ZUSMAN & COMPTON LLP,


By: /s/Patrick T. Murphy
PATRICK T. MURPHY, #178189
(patrick@murphycooke.com)
CHRISTOPHER COOKE, #142342
(ccooke@murphycooke.com)
533 Airport Blvd., Suite 400
Burlingame, CA 94010
Tel: (650) 401-2220

JEFFREY K. COMPTON,#142969
(jcompton@mzclaw.com)
NATHAN SMITH, #279124
(nsmith@mzclaw.com)
DAVID J. SHINDER, #323499
(dshinder@mzclaw.com)
17383 W. Sunset Blvd., Suite A-380
Pacific Palisades, CA 90272

Respectfully submitted,

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,


By: /s/Ariella Omholt Guardi
Ariella Omholt Guardi (*pro hac vice*)
Charles J. Kerstetter (*pro hac vice*)
Jonathan A. Epstein (*pro hac vice*)
175 West Jackson Blvd., Suite 1450
Chicago, Illinois 60604
guardia@sec.gov
kerstetterc@sec.gov
epsteinjo@sec.gov
Telephone: (312) 353-7390
Facsimile: (312) 353-7398


LOCAL COUNSEL
Donald W. Searles
United States Securities and Exchange Commission
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904
searlesd@sec.gov

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

[PROPOSED] STIPULATED
PROTECTIVE ORDER
2:22-CV-04119-ODW-AFM

Tel: (310) 454-5900

*Attorneys for Defendants Nancy Cole,*
*Patrick Egan, Andy Gitipityapon, Steven*
*Graham, and Thomas Swan*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:    2/23/2023

By _____
HONORABLE ALEXANDER F. MACKINNON
UNITED STATES MAGISTRATE JUDGE

[PROPOSED] STIPULATED
PROTECTIVE ORDER
2:22-CV-04119-ODW-AFM

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or

type full address], declare under penalty of perjury that I have read in its entirety

and understand the Stipulated Protective Order that was issued by the United States

District Court for the Central District of California on _____ [date] in the

case of *SEC v. Western Int'l. Sec., Inc. et al.*, Case No. 22:22-cv-4119- ODW-

AFM.   I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____

[print or type full name] of _____

[print or type full address and telephone number] as my California agent for service

of process in connection with this action or any proceedings related to enforcement

of this Stipulated Protective Order.

DATED:_____        BY:   _____

Signature_____

Title_____

Address _____

City, State, Zip _____

Telephone Number _____