UNITED STATES SECURITIES AND EXCHANGE COMMISSION

Ariella O. Guardi (*pro hac vice*)
guardia@sec.gov
Timothy Leiman (*pro hac vice*)
leimant@sec.gov
Charles J. Kerstetter (*pro hac vice*)
kerstetterc@sec.gov
Jonathan A. Epstein (*pro hac vice*)
epsteinjo@sec.gov
175 West Jackson Blvd., Suite 1450
Chicago, Illinois 60604
Telephone: (312) 353-7390

Donald W. Searles (#135705)
searlesd@sec.gov
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998

Attorneys for Plaintiff U.S. SECURITIES AND EXCHANGE COMMISSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN INTERNATIONAL SECURITIES, INC., ET AL.,<br><br>Defendants. | Case No.  2:22-cv-04119-WLH-JCx |

**PLAINTIFF'S UNOPPOSED MOTION
FOR ENTRY OF FINAL JUDGMENTS BY CONSENT**

Plaintiff U.S. Securities and Exchange Commission ("SEC") hereby moves for entry of final judgments against defendants Western International Securities, Inc. ("Western"), Nancy Cole, Patrick Egan, Andy Gitipityapon, Steven Graham, and Thomas Swan (together "Defendants"), in the forms submitted herewith. The SEC

and Defendants have reached settlements of this matter, and Defendants have consented to the entry of final judgments. In support of its motion, the SEC states:

1. On June 15, 2022, the SEC filed its Complaint against Defendants, alleging violations of Rule 15$l$-1(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act").

2. The SEC and Defendants have now reached settlements. Attached hereto as **Exhibits 1-6** are the executed Consents signed by each of the Defendants. The Consents set forth the terms of the Defendants' settlements with the SEC.

3. Attached hereto as **Exhibits 7-12** are the proposed Final Judgments to which Defendants have agreed. The Consents of Defendants include consent to entry of the Final Judgments.

4. The proposed Final Judgments include:

   a. As to defendant **Western**: injunctive relief, disgorgement of $34,468, prejudgment interest of $2,000.63, and civil penalties of $160,000.

   b. As to defendant **Nancy Cole**: injunctive relief, disgorgement of $10,080, prejudgment interest of $452.58, and civil penalties of $12,500.

   c. As to defendant **Patrick Egan**: injunctive relief, disgorgement of $5,490, prejudgment interest of $318.66, and civil penalties of $12,500.

   d. As to defendant **Andy Gitipityapon**: injunctive relief, disgorgement of $6,652.50, prejudgment interest of $368.34, and civil penalties of $12,500.

   e. As to defendant **Steven Graham**: injunctive relief, disgorgement of $30,186.59, prejudgment interest of $1,513.07, and civil penalties of $12,500.

   f. As to defendant **Thomas Swan**: injunctive relief, disgorgement of $12,555, prejudgment interest of $695.15, and civil penalties of $12,500.

5. Approval of a settlement in an SEC enforcement case is appropriate

"[u]nless a consent decree is unfair, inadequate, or unreasonable…" *SEC v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984). To determine whether a consent decree meets the "fair, adequate and reasonable" standard, courts consider first procedural fairness, and then substantive fairness. *See United States v. Coeur d'Alenes Co.*, 767 F.3d 873, 877 (9th Cir. 2014). "In addition, because it is a form of judgment, a consent decree must conform to applicable laws." *United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990). If "the court is satisfied that the decree was the product of good faith, arms-length negotiations, a negotiated decree is presumptively valid." *Id.* at 581.

6. Here, the proposed Final Judgments are procedurally fair. The proposed Final Judgments and Consents thereto are the result of a good-faith compromise of contested claims following extensive discovery and arms-length negotiations between counsel for the SEC and Defendants.

7. The proposed Final Judgments are also substantively fair. Given the allegations in the Complaint, which the Defendants neither admit nor deny, the relief set forth in paragraph 4 is a fair and reasonable resolution of this matter.

8. In addition, the proposed Final Judgments are legal. Congress has explicitly authorized courts to issue injunctions in SEC enforcement actions. *See* 15 U.S.C. § 78u(d)(1) (authorizing injunctions under the Exchange Act). Injunctions are "the primary civil remedy available to the SEC" for securities violations. *Randolph*, 736 F.2d at 529. Congress has also explicitly authorized district courts to order equitable relief, which the Supreme Court has held includes disgorgement. *See* Section 21(d)(7) of the Exchange Act, 15 U.S.C. § 78u(d)(7);[1] *see also Liu v. SEC*, 140 S. Ct. 1936, 1940 (2020) ("a disgorgement award that does not exceed a

---

[1] Section 21(d)(7) was added to the Exchange Act by Section 6501(a) of the National Defense Authorization Act for Fiscal Year 2021, Pub. L. No. 116-283, enacted January 1, 2021. The relevant provisions of the NDAA apply "to any action or proceeding that is pending on, or commenced on or after, the date of" the NDAA's enactment. NDAA, Section 6501(b).

wrongdoer's net profits and is awarded for victims is equitable relief permissible under [15 U.S.C.] § 78(d)(5) [Section 21(d)(5) of the Exchange Act]"). Courts likewise have discretion to order prejudgment interest on disgorgement amounts. *SEC v. Platforms Wireless Intern. Corp.*, 617 F.3d 1072, 1099 (9th Cir. 2010).

9. Counsel for the SEC have conferred with counsel for the Defendants, and Defendants do not oppose this motion.

WHEREFORE, the SEC respectfully requests that this Court grant this Motion and enter the proposed Final Judgments attached hereto.

Respectfully Submitted,

Dated: July 29, 2024

UNITED STATES SECURITIES AND EXCHANGE COMMISSION

By: */s/ Ariella O. Guardi*

Ariella O. Guardi

Attorney for Plaintiff United States Securities and Exchange Commission

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of July, 2024, I electronically filed the above with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

　　　　　　　　　　　　　　　　　　/s/ Ariella O. Guardi
　　　　　　　　　　　　　　　　　　Ariella O. Guardi
　　　　　　　　　　　　　　　　Attorney for Plaintiff U.S. Securities and Exchange Commission